UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GOLDEN RULE FASTENERS, INC., | Case No. 2:19-cv-168-mHT-SMD |
| Plaintiff, | |
| v. | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| BEST MATERIALS, LLC, | |
| Defendant. | **Jury Trial Demanded** |

Plaintiff Golden Rule Fasteners, Inc. (hereinafter, "Plaintiff" or "Golden Rule"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Best Materials, LLC (hereinafter, "Defendant" or "Best Materials") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Best Materials's infringement of Golden Rule's United States Patent Nos. 8,141,303 (hereinafter, the "'303 Patent"), 8,464,475 (hereinafter, the "'475 Patent"), and 8,534,002 (hereinafter, the "'002 Patent") (collectively, the "Patents-in-Suit"). The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office (hereinafter the "USPTO"), copies of which are attached hereto as **Exhibits A, B and C**, respectively. Golden Rule is the owner of the Patents-in-Suit. Golden Rule seeks injunctive relief and monetary damages.

2. Each of the Patents-in-Suit traces its priority date back to Application No. 12/604,933 (hereinafter, the "933 Application"). The '933 Application was filed with the USPTO on October 23, 2009, and issued as United States Patent No. 8,141, 303 on March 27, 2012. Application No. 13/403,444 (hereinafter, "the '444 Application") was a continuation of the '933 Application. The '444 Application was filed with the USPTO on February 23, 2012 and issued as

1

United States Patent No. 8,534,002 on September 17, 2013. Application No. 13/723,588 (hereinafter, "the '588 Application") was a continuation of the '444 Application. The '588 Application was filed with the USPTO on December 21, 2012 and issued as United States Patent No. 8,464,475 on June 18, 2013.

## PARTIES

3. Golden Rule is a corporation organized and existing under the laws of the State of Alabama and maintains its principal place of business at 5290 Alabama Highway 229 South, Tallassee, Alabama, 36078 (Elmore County).

4. Based upon public information, Defendant is a corporation duly organized and existing under the laws of the Arizona and has its principal place of business (corporate headquarters) located at 13581 East Desert Trail, Scottsdale, Arizona 85259 (Maricopa County). Defendant may be served in Scottsdale, Arizona at its corporate headquarters (Maricopa County).

5. Upon information and belief, Defendant may be served through its registered agent: Robert C. Marrs, 13581 East Desert Trail, Scottsdale, Arizona 85259.

6. Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises it products under the names "Master Flash Electrical Mast Connection, EPDM" "Electrical Mast Connection," "Master Flash® Retrofit," and "Electrical Mast Connection Master Flash®". See **Exhibits D-E**.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 28 U.S.C. 1338(a).

8. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Alabama and in the Middle District of Alabama; Defendant has purposefully availed itself of the privileges of conducting business in the State of Alabama and in the Middle District of Alabama; Defendant has sought protection and benefit from the laws of the State of Alabama; Defendant regularly conducts business within the State of Alabama and

within the Middle District of Alabama, and Golden Rule's causes of action arise directly from Defendant's business contacts and other activities in the State of Alabama and in the Middle District of Alabama.

9. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Alabama, and the Middle District of Alabama. Based upon public information, Defendant has committed patent infringement in the State of Alabama and in the Middle District of Alabama. Defendant solicits customers in the State of Alabama and in the Middle District of Alabama. Defendant has many paying customers who are residents of the State of Alabama and the Middle District of Alabama and who use Defendant's products in the State of Alabama and in the Middle District of Alabama.

10. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

11. The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on March 27, 2012 (the '303 Patent), June 18, 2013 (the '475 Patent), and September 17, 2013 (the '002 Patent) after full and fair examinations. Golden Rule is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

12. Based upon public information, Defendant owns, operates, advertises, and/or controls the website https://www.bestmaterials.com/, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to the following products and related services (the "Accused Product and Services"): Master Flash Electrical Mast Connection, EPDM" "Electrical Mast Connection," "Master Flash® Retrofit," and "Electrical Mast Connection Master Flash®". See **Exhibits D-E**.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,141,303

13. Golden Rule re-alleges and incorporates by reference each of paragraphs above.

14. Golden Rule is informed and believes that Defendant has infringed and continues to infringe the '303 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Electrical Mast Connection for Shingle Roof, Electrical Mast Connection Master Flash, Master Flash® Retrofit, and Aztec Master Flash product names. Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '303 Patent, including at least claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises roof flashing products that form a weather-proof seal about pipes of different diameters where installation of the flashing over the top of the pipe is not possible, including at least the Accused Products and Services. For example, the Accused Products and Services infringe one or more of the claims of the '303 Patent by providing to Defendant's customers roof flashing with "easy to see pipe diameters make for painless on-site installation." See **Exhibit E**; *see also, e.g.,* See **Exhibits D-I**. Defendant's Accused Product is described as providing "weather protection," and being "made of E.P.D.M," or ethylene propylene diene monomer, which is an elastomeric material. See **Exhibit E**. Defendant's Accused Product also possesses a longitudinal opening that allows the flashing to be spread apart and placed about a pipe. See **Exhibits D-F**. Afterwards, the flashing's opening members are pressed together and secured by coupling members that seal the longitudinal opening. Id. Defendant's Accused Products and Services are available for sale on its website and at retailer locations in this district and throughout the United States. See **Exhibits D-I**.

15. Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '303 Patent in this district and elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '303 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information,

continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '303 Patent. See **Exhibits D-F**. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '303 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. See **Exhibits D-I**. Specifically, Defendant offers services to select, deploy and integrate Defendant's products to assist its customers in installing roof flashing. See **Exhibits D-I**. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

16. Defendant undertook and continues its infringing actions despite an objectively high likelihood that such activities infringed the '303 Patent, which has been duly issued by the USPTO and is presumed valid. Upon information and belief, prior to the filing of this complaint, Defendant has been on notice and aware of an objectively high likelihood that their actions constituted and continue to constitute infringement of the '303 Patent and that the '303 Patent is valid.

17. On information and belief, Defendant could not reasonably, subjectively believe that their actions do not constitute infringement of the '303 Patent. Despite that knowledge and subjective belief, and the objectively high likelihood that their actions constitute infringement, Defendant has continued their infringing activities. As such, Defendant has willfully infringed and/or will continue to willfully infringe the '303 Patent.

18. Defendant's aforesaid activities have been without authority and/or license from Golden Rule.

5

19. Golden Rule is entitled to recover from Defendant the damages sustained by Golden Rule as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Defendant's infringement of Golden Rule's rights under the '303 Patent will continue to damage Golden Rule, causing irreparable harm to Golden Rule for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,464,475

21. Golden Rule re-alleges and incorporates by reference each of paragraphs above.

22. Golden Rule is informed and believes that Defendant has infringed and continues to infringe the '475 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Electrical Mast Connection for Shingle Roof, Electrical Mast Connection Master Flash, Master Flash® Retrofit, and Aztec Master Flash product names. Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '475 Patent, including at least claims 1 and 8, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises roof flashing products that form a weather-proof seal about pipes of different diameters where installation of the flashing over the top of the pipe is not possible, including at least the Accused Products and Services. For example, the Accused Products and Services infringe one or more of the claims of the '303 Patent by providing to Defendant's customers roof flashing with "easy to see pipe diameters make for painless on-site installation." See **Exhibit E**; *see also, e.g.,* **Exhibits D-F**. Defendant's Accused Product is described as providing "weather protection," and being "made of EPDM," or ethylene propylene diene monomer, which is an elastomeric material. See **Exhibit E**. Further, Defendant's Accused Products have a foot associated with a reinforced material, such as metal. See **Exhibits D-F**. Defendant's Accused Products and Services are available for sale on its website and at retailer locations in this district and throughout the United States. See **Exhibits D-I**.

23. Based upon public information, Defendant has intentionally induced and continues

to induce infringement of one or more claims of the '475 Patent in this district and elsewhere in the United States, by its intentional acts which have, among other things, successfully encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '475 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '475 Patent. See **Exhibits D-F**. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '475 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. See **Exhibits D-I**. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in installing roof flashing. See **Exhibits D-I**. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

24.     Defendant undertook and continues its infringing actions despite an objectively high likelihood that such activities infringed the '475 Patent, which has been duly issued by the USPTO and is presumed valid. Upon information and belief, prior to the filing of this complaint, Defendant has been on notice and aware of an objectively high likelihood that their actions constituted and continue to constitute infringement of the '475 Patent and that the '475 Patent is valid.

25.     On information and belief, Defendant could not reasonably, subjectively believe that their actions do not constitute infringement of the '475 Patent. Despite that knowledge and

7

subjective belief, and the objectively high likelihood that their actions constitute infringement, Defendant has continued their infringing activities. As such, Defendant has willfully infringed and/or will continue to willfully infringe the '475 Patent.

26. Defendant's aforesaid activities have been without authority and/or license from Golden Rule.

27. Golden Rule is entitled to recover from Defendant the damages sustained by Golden Rule as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

28. Defendant's infringement of Golden Rule's rights under the '475 Patent will continue to damage Golden Rule, causing irreparable harm to Golden Rule for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,534,002

29. Golden Rule re-alleges and incorporates by reference each of paragraphs above.

30. Golden Rule is informed and believes that Defendant has infringed and continues to infringe the '002 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Electrical Mast Connection for Shingle Roof, Electrical Mast Connection Master Flash®, Master Flash® Retrofit, and Aztec Master Flash product names. Based upon public information, Defendant has infringed and continues to infringe one or more claims of the '002 Patent, including at least claims 1 and 7, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises roof flashing products that form a weather-proof seal about pipes of different diameters where installation of the flashing over the top of the pipe is not possible, including at least the Accused Products and Services. For example, the Accused Products and Services infringe one or more of the claims of the '303 Patent by providing to Defendant's customers roof flashing with "easy to see pipe diameters make for painless on-site installation." See **Exhibit E**; *see also, e.g.,* See **Exhibits D-I**. Defendant's Accused Product is described as providing "weather protection," and being "made of EPDM," or ethylene

8

propylene diene monomer, which is an elastomeric material. See **Exhibit E**. Defendant's Accused Product also possesses a longitudinal opening that allows the flashing to be spread apart and placed about a pipe that is not capable of receiving the roof flashing over the top. See **Exhibits D-F**. Defendant's Accused Products and Services are available for sale on its website and at retailer locations in this district and throughout the United States. See **Exhibits D-F**.

31. Based upon public information, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '002 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '002 Patent as early as the date of service of the Original Complaint in this action, Defendant, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '002 Patent. See **Exhibit D-F**. Based upon public information, Defendant's source of revenue and business focus is the provision of and sale of the Accused Products and Services. Based upon public information, Defendant has specifically intended its customers to use its products and services in such a way that infringes the '002 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including information brochures, promotional material, and contact information. See **Exhibits D-I**. Specifically, Defendant offers design services to select, deploy and integrate Defendant's products to assist its customers in installing roof flashing. See **Exhibits D-I**. Based upon public information, Defendant knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

32. Defendant undertook and continues its infringing actions despite an objectively high likelihood that such activities infringed the '002 Patent, which has been duly issued by the

9

USPTO and is presumed valid. Upon information and belief, prior to the filing of this complaint, Defendant has been on notice and aware of an objectively high likelihood that their actions constituted and continue to constitute infringement of the '002 Patent and that the '002 Patent is valid.

33. On information and belief, Defendant could not reasonably, subjectively believe that their actions do not constitute infringement of the '002 Patent. Despite that knowledge and subjective belief, and the objectively high likelihood that their actions constitute infringement, Defendant has continued their infringing activities. As such, Defendant has willfully infringed and/or will continue to willfully infringe the '002 Patent.

34. Defendant's aforesaid activities have been without authority and/or license from Golden Rule.

35. Golden Rule is entitled to recover from Defendant the damages sustained by Golden Rule as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36. Defendant's infringement of Golden Rule's rights under the '002 Patent will continue to damage Golden Rule, causing irreparable harm to Golden Rule for which there is no adequate remedy at law, unless enjoined by this Court

## JURY DEMAND

37. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

38. Plaintiff respectfully requests the following relief:

    A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

    B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

C. An award of damages to be paid by Defendant adequate to compensate Golden Rule for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including lost profits, treble damages, pre-judgment and post-judgment interest, and costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Golden Rule for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E. That this Court declare this to be an exceptional case and award Golden Rule its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F. Any further relief that this Court deems just and proper.

Respectfully submitted: March 4, 2019

/s/ Travis Lynch

Travis E. Lynch (Bar No. ASB-7232-M20F)
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 547-5515
Email: tlynch@hgdlawfirm.com

*Liaison Counsel for Plaintiff*

James F. McDonough, III (Bar No. 117088, GA)**
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869
Facsimile: (205) 547-5504
Email: jmcdonough@hgdlawfirm.com

***Pro Hac Vice To Be Applied For***

*Attorneys for Plaintiff*
*Golden Rule Fasteners, Inc.*